# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DENNIS TONER,                                    )
                                                 )
      Plaintiff,                             )
                                                 )
      v.                                     )
                                                 )  C.A. No. N20C-01-186 MMJ
MATT MEYER, individually, and in his )
capacity, as the NEW CASTLE                      )
COUNTY EXECUTIVE, and NEW                        )
CASTLE COUNTY,                                   )
                                                 )
      Defendants.                            )

Submitted: July 8, 2020
Decided: October 1, 2020

On Defendants' Motion to Dismiss
**GRANTED**

## OPINION

Nicholas J. Brannick, Esq., (Argued), Mary Jameson, Esq.,
New Castle County Office of Law, New Castle, Delaware, *Attorneys for Defendants*

Bartholomew J. Dalton, Esq., (Argued), Ipek Kurul, Esq.,
Dalton & Associates, Wilmington, Delaware, *Attorneys for Plaintiff*

**JOHNSTON, J.**

## FACTUAL AND PROCEDURAL CONTEXT

This defamation case was brought by Plaintiff Toner against New Castle County Executive Matt Meyer and New Castle County. Plaintiff alleges that Meyer falsely stated that Toner engaged in "probably criminal" activity. Defendants seek dismissal on the grounds of immunity under the County and Municipal Tort Claims Act ("Tort Claims Act").[1] Plaintiff asserts claims against Meyer in his individual capacity, as well as in his official capacity.

In 2015, New Castle County made a $3 million loan to Delaware Board of Trade Holdings, Inc. ("DBOT"). Plaintiff and his business partners formed DBOT. The *News Journal* published an article about the loan on December 20, 2019. The article attributed to Meyer the statement that DBOT's "founders were 'probably criminal' in 2015 when they secured the controversial $3 million county government loan...."

At the time the statement was made, Meyer was campaigning for New Castle County Execcutive prior to the November 2016 election. Toner asserts that Meyer also stated that Meyer "will likely sue DBOT's founders, including...Dennis Toner...." It is not disputed that the terms of the loan have been honored by Plaintiff.

Plaintiff clams that the *News Journal* statement is defamatory.

---

[1] 10 *Del. C.* §§ 4010-13.

2

## MOTION TO DISMISS STANDARD

### *Failure to State a Claim Upon Which Relief Can be Granted*

In a Rule 12(b)(6) Motion to Dismiss, the Court must determine whether the claimant "may recover under any reasonably conceivable set of circumstances susceptible of proof."[2] The Court must accept as true all well-pleaded allegations.[3] Every reasonable factual inference will be drawn in the non-moving party's favor.[4] If the claimant may recover under that standard of review, the Court must deny the Motion to Dismiss.[5]

## ANALYSIS

### *Defamation*

In order to state a defamation claim, the plaintiff must plead: (1) a defamatory statement; (2) concerning the plaintiff; (3) publication; (4) a third party's reasonable understanding of the defamatory nature of the statement; and injury. If the plaintiff is a public figure, the burden includes proving that the defendant made the statement with actual malice.[6]

In this case, Plaintiff has pled that he was accused of engaging in criminal conduct; the accusation was false; the statement was published in a newspaper; a

---

[2] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).
[3] *Id.*
[4] *Wilmington Sav. Fund Soc'y v. Anderson*, 2009 WL 597268, at *2 (Del. Super.) (citing *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005)).
[5] *Spence*, 396 A.2d at 968.
[6] *Doe v. Cahill*, 884 A.2d 451, 463 (Del. 2005); *Preston Hollow Capital LLC v. Nuveen LLC*, 216 A.3d 1, 9 (Del.Ch. 2019).

3

reader would understand the nature of the statement; and Plaintiff suffered injury to his reputation and business.

### County and Municipal Tort Claims Act

Section 4011(a) of the Tort Claims Act[7] provides in part: "Except as otherwise expressly provided by statute, all governmental entities and their employees shall be immune from suit on any and all tort claims." Under Section 4011(c), a government employee may be "personally liable for acts or omissions causing property damage, bodily injury or death..., but only for those acts which were not within the scope of employment or which were performed with wanton negligence or willful and malicious intent."

Section 4011(c) establishes exceptions to Tort Claims Act immunity.

> Except as otherwise expressly provided by statute, all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages.

The burden is on the Plaintiff to demonstrate that an exception applies.[8] The Tort Claims Act creates broad, open-ended statutory immunity. The exceptions are narrow and restrictive.[9] The General Assembly intended to protect the immunity afforded to local governments and their employees.[10]

---

[7] 10 *Del. C.* §§ 4010-13.

[8] *Lewandowski v. City of Wilmington*, 2017 WL 3264037, at *2 (Del. Super.); *Gattis v. City of Wilmington*, 2003 WL 1365838, at *2 (Del. Super.).

[9] *Sadler v. New Castle County*, 565 A.2d 918, 921 (Del. 1989).

[10] *Fiat Motors of N. Am., Inc. v. City of Wilmington*, 498 A.2d 1062, 1066-67 (Del. 1985).

The Court finds that New Castle County is a "Governmental Entity," entitled to immunity from tort claims under 10 *Del. C.* § 4010(2). No exception applies as to New Castle County.

Plaintiff argues that because Meyer was a candidate at the time the alleged defamatory statement was made, he was a private citizen not entitled to Tort Claims Act immunity.

Section 4010(1) defines "Employee" as "a person acting on behalf of a governmental entity in any official capacity...including elected or appointed officials...."

The Court finds that the statement at issue was published on December 20, 2019. Having been elected effective January 3, 2017, Meyer was County Executive at the time the allegedly defamatory statement in question was made. Therefore, Meyer's statement was published in his capacity as an employee, as defined by the Tort Claims Act.

### Damage to Reputation is not "Property Damage"

Plaintiff argues that an exception to immunity should apply because damage to reputation is "property damage" under Section 4011(c). Plaintiff has made some interesting, and even compelling, arguments in support of this proposition. However, Plaintiff has failed to provide any legal authority which would permit this Court to circumvent the clear intent of the General Assembly.

The Delaware Supreme Court has held that "economic harm alone does not constitute 'property damage' as that term is used in the Act."[11] Economic losses, other than property damage, are not compensable when immunity applies. Such losses include loss of business opportunities, loss of good will, and diminution in value.[12] Defamation claims based on reputational damage routinely have been dismissed when immunity applies.[13]

The Court finds that damage to reputation is not "property damage," under the Tort Claims Act. Therefore, no Section 4011(c) exception applies to negate immunity.

### Statute of Limitations

The statute of limitations for defamation claims is two years.[14] The *News Journal* published the statement at issue on December 20, 2019. A second allegedly defamatory statement was publicized by radio station WDEL on December 4, 2019.

The Complaint was filed on January 22, 2019. To the extent Plaintiff relies upon allegedly defamatory statements made prior to January 22, 2017, those claims are barred by the statute of limitations.

---

[11] *Dale v. Town of Elsmere*, 702 A.2d 1219, 1223 (Del. 1997), citing *Carr v. Town of Dewey Beach*, 730 F. Supp. 591, 602 (D. Del. 1990).

[12] *Brasby v. Morris*, 2007 WL 949485, at *6 (Del. Super.).

[13] *See Conley v. Conley*, 2015 WL 7747431, at *3 (Del. Super); *Walker v. City of New Castle*, 2014 WL 2885537, at *4 (Del. Super.); *Shaffer v. Topping*, 2011 WL 2671237, at *3-4 (Del. Super.).

[14] 10 *Del. C.* § 8119.

6

The Court finds no basis for tolling the limitations period on the basis of time of discovery. Even if the statute of limitations did not bar this action, there is no reasonable inference of any damages prior to 2019. Factual allegations asserted in support of tolling, even in the context of a motion to dismiss, must be specific and not merely speculative.[15]

### *Policy Considerations*

Is it unfortunate that this case is before the Court. It appears that litigation could have been avoided if the parties had been able to sort out their differences outside the pubic arena. Toner has stated that Meyer informed him that Meyer was considering a retraction of the accusation. Meyer, however, asserted that a County attorney had found that the loan transaction was "unlawful." The Court notes that even if the transaction were found to be "unlawful," that is not necessarily the equivalent of "criminal" conduct. If this case were to proceed, the trier of fact would have to determine whether, if indeed the transaction was unlawful, that conclusion would be sufficient to justify allegations of criminal conduct against a person who has not been charged criminally, and has not been the subject of a public investigation in the past or contemplated in the future.

A reputation is valuable. It is difficult to rehabilitate a hard-earned reputation if besmirched. Nevertheless, the Delaware General Assembly balanced an

---

[15] *ENI Holdings , LLC v. KBR Grp. Holdings, LLC*, 2013 WL 6186326, at *11 (Del. Ch.).

individual's right to be free from defamation against the necessity for elected officials to reasonably comment on issues that affect the public interest.

## CONCLUSION

The Court finds that New Castle County is a "government entity," entitled to immunity from tort claims under 10 *Del. C.* § 4010(2). No exception applies as to New Castle County.

The Court finds that the statement at issue was published on December 20, 2019. Having been elected effective January 3, 2017, Meyer was County Executive at the time the allegedly defamatory publication was made. Therefore, Meyer's statement was published in his capacity as an employee, as defined by the Tort Claims Act. No exception to immunity applies.

The Complaint was filed on January 22, 2019. To the extent Plaintiff relies upon allegedly defamatory statements made prior to January 22, 2018, those claims are barred by the statute of limitations. The Court finds no basis for tolling the limitations period on the basis of time of discovery.

**THEREFORE,** Defendant's Motion to Dismiss is hereby **GRANTED.**

**IT IS SO ORDERED.**

_____
The Honorable Mary M. Johnston

8